UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN D. LASLAU,

        Plaintiff,                              Civil Action No. 16-CV-11372

vs.                                                  HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 6), (2) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 4), AND (3) ORDERING PLAINTIFF TO PAY FILING FEE**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Patricia T. Morris, dated April 20, 2016 (Dkt. 4). In the R&R, the Magistrate Judge recommends denying Plaintiff John D. Laslau's application to proceed in forma pauperis ("IFP"). Plaintiff filed objections, which the Court now overrules. Accordingly, the Magistrate Judge's R&R is accepted, and Plaintiff's application to proceed IFP is denied.

On April 15, 2016, Plaintiff filed a complaint contesting the administrative denial of his social security claim (Dkt. 1), and also applied to proceed IFP (Dkt. 2). In his application, Plaintiff crossed out the standard application language stating that the applicant could not pay the costs and handwrote "I have no job & I should not waste my lifetime savings[.] (Not employed!!!)" Application at 1 (cm/ecf page). Plaintiff also indicated that he had received interest payments in the last twelve months, but declined to disclose the source and amount of the income. Id. Plaintiff further refused to provide any other requested financial information,

including information regarding savings, assets, expenses, debts, and financial obligations, stating instead that this information was private. Id. at 1-2 (cm/ecf pages).

As an initial matter, proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." R&R at 2 (cm/ecf page) (quoting Camp v. Oliver, 798 F.2d 434, 437 (11th Cir. 1986)). As the Magistrate Judge noted, to proceed IFP, a litigant is required by 28 U.S.C. § 1915(a)(1) to file an affidavit that adequately sets forth the litigant's inability to pay court fees. See R&R at 2 (cm/ecf page). A sufficient affidavit demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life. Id. (citing Adkins v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)). Because Plaintiff failed to disclose his financial information, the Magistrate Judge concluded that Plaintiff failed to demonstrate he met that standard. Id. at 4 (cm/ecf page).

Plaintiff objected to the Magistrate Judge's R&R, principally on the grounds that the instant social security denial — and what appear to be other, prior denials — were the result of misconduct at the administrative level. Obj. at 2-4 (cm/ecf pages) (Dkt. 6). Plaintiff also reiterates that he is unemployed, and contends that he has previously paid filing fees to both the district court and to the Sixth Circuit for a similar claim. Id. at 4 (cm/ecf page).

The Court finds these objections to be without merit, as they fail to squarely address the Magistrate Judge's conclusion that Plaintiff did not sufficiently demonstrate his indigent status. Plaintiff's contention that he is unemployed, while pertinent, is not by itself dispositive. Employment is just one source of income, and, as Plaintiff himself stated, he has other sources that may make the initial filing fee affordable. See R&R at 3-4 (cm/ecf pages). In fact, Plaintiff

has previously shouldered such fees, although those instances do not excuse him from paying the present fee.

As for Plaintiff's remaining objections — that the administrative proceedings were tainted by misconduct and to permit such misconduct would undermine the integrity of the justice system — the Court observes that the privilege of IFP status is available to those litigants who demonstrate need. Notably, Plaintiff understood what was asked of him in the application. He willfully chose not to provide that information. See Application at 1-2 (cm/ecf pages).

Accordingly, Plaintiff has not demonstrated his need; therefore, he is not entitled to the privilege. The Magistrate Judge's recommendation is accepted, and Plaintiff's application is denied.

Unless Plaintiff pays the appropriate filing fee by July 1, 2016, his case will be dismissed.

SO ORDERED.

Dated: June 21, 2016  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 21, 2016.

 s/Karri Sandusky
 Case Manager